**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **Brooks Building, LLC, an Illinois limited liability company,** | |
| **Plaintiff,** | |
| v. | |
| **The Linn Group, Inc., an Illinois Corporation and IRA EPSTEIN, individually,** | |
| **Defendants.** | **JURY DEMAND** |

## COMPLAINT

Plaintiff, Brooks Building, LLC, an Illinois limited liability company, ("Brooks Building"), by its undersigned attorneys, David G. Trout & Associates, Ltd., for its Complaint for copyright and trademark infringement and other relief, states as follows:

### I.  PARTIES

1. Plaintiff, Brooks Building is and at all times herein mentioned has been an Illinois limited liability company with its principal place of business located at 223 W. Jackson Blvd., Chicago, IL 60606.

2. Defendant, The Linn Group, Inc. ("Linn") is and at all relevant times has been an Illinois corporation with its principal place of business located at 141 W. Jackson Blvd., suite 1220A, Chicago, Illinois 60604.

3. On information and belief, Defendant, Ira Epstein ("Epstein") is a resident of Highland Park, Illinois and offices at 141 W. Jackson Blvd., suite 1220A, Chicago, Illinois 60604.

## II. JURISDICTION AND VENUE

4. This is a complaint for copyright infringement arising under the Copyright Act, 17 U.S.C. § 411, and trademark infringement arising under § 43 of the Lanham Act, 15 U.S.C. §§ 1051 - 1129.

5. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) and 28 U.S.C. § 1400(a).

6. This Court has supplemental jurisdiction over Brooks Building's state claim under 28 U.S.C. § 1367.

7. This Court has personal jurisdiction over Linn because Linn transacts business in the State of Illinois and this District through the operation of its business at 141 W. Jackson Blvd., suite 1220A, Chicago, Illinois 60604.

8. This Court has personal jurisdiction over Ira Epstein, because he is a resident of the State of Illinois, is a resident of this District and conducts business out of Linn's offices.

9. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(2) and 1391(c).

## FACTS

10. Plaintiff, Brooks Building, is the former Landlord of IE Co. and its building, 223 W. Jackson is approximately a block West of where Linn and Epstein conduct business.

11. IE Co. was in the business of providing commodities trading information, tips and instructions.

12. IE Co. created substantial original content in its charting software commonly known as IraChart Software. The IraChart Software developed by IE Co. constitutes copyrightable material subject matter pursuant to the Copyright Act.

13. IE Co. sold and distributed the IraChart Software to third parties.

14. The IraChart is a common law trademark.

15. IE Co. registered and conducted business under the registered Trademark, The Futures Academy®, an in-house school that taught enrollees trading chart analysis. IE Co. sold products and services to third persons using the registered Trademark, The Futures Academy.

16. On or about December 31, 2008, IE Co. vacated the Premises.

17. On or about March 1, 2009, the shareholders of Ira Epstein & Company appointed Goldsmith Partners of Illinois, Inc. ("Goldsmith") as the assignee for the benefit of Ira Epstein & Company' creditors, pursuant to at Trust Agreement and Assignment for the Benefit of Creditors of Ira Epstein & Company ("Goldsmith Assignment"). A true and correct copy of the Goldsmith Assignment is attached and incorporated hereto as Exhibit 1.

18. Pursuant to the Goldsmith Assignment, Goldsmith was assigned all IE Co.'s tradenames, trademarks, copyrights, service marks. *See* Exhibit 1 at section 2.

19. Upon information and belief, Epstein picked up his operations (leaving his furniture and equipment behind for Goldsmith) and walked down the street into the offices of Linn and resumed his operations, using IE Co. intellectual property.

20. On or about March 2, 2009, Epstein registered with the National Futures Association ("NFA") as an associate of Linn and his registration was approved by the NFA the same day.

21. On or about October 9, 2009, IE Co. was involuntarily dissolved by the Illinois Secretary of State.

22. On or about July 13, 2012, Goldsmith retroactively assigned any and all intellectual property rights, including but not limited to trademarks and copyrights it received in

the Goldsmith Assignment to Brooks Building ("Brooks Building Assignment"). A true and correct copy of the Brooks Building Assignment is attached and incorporated hereto as Exhibit 2.

23. By virtue of the Goldsmith Assignment and the Brooks Building Assignment, Brooks Building is the owner of intellectual property, including but not limited to common law trademark(s), registered trademarks and copyrights formerly owned by IE Co.

24. Neither Linn, Epstein nor any other individual or entity other than Brooks Building has ever been authorized to reproduce, duplicate, copy or otherwise disclose or disseminate IraCharts software, IraCharts, or The Futures Academy.

25. Neither Linn nor Epstein purchased nor were assigned any of the rights in IraCharts software, IraCharts or The Futures Academy, previously owed by IE Co.

26. On information and belief, Linn, and/or its agents, including Ira Epstein, copied, used and disseminated Ira Charts software, IraCharts and/or The Futures Academy without Brooks Building's permission, and has sold and continues to sell subscriptions, products or services regarding this misappropriated intellectual property.

27. Linn and Epstein have engaged and continue to engage in deliberate copyright and trademark infringement.

28. Linn and Epstein have sold and continue to sell copyrighted software, courses and continuing education programs using IraCharts software, IraCharts trademarks and Futures Academy trademark through Linn's website.

### FIRST CLAIM FOR RELIEF
### (Copyright Infringement)

29. Brooks Building repeats and realleges each and every preceding paragraph as though fully set forth herein.

30. Upon information and belief, previously and continuing to date, Linn and Epstein have willfully and continuously infringed Brooks Building's copyrights to IraCharts software and The Futures Academy software, reproducing, and selling the software and creating works derivative of them and/or by causing the IraCharts software and The Futures Academy software to be copied, reproduced, and modified and causing works derivative of the IraCharts software and The Futures Academy software to be created.

31. Linn and Epstein's unlawful infringement of the IraCharts software is willful as a matter of law.

32. Pursuant to 17 U.S.C. § 505, Brooks Building is entitled to an award exemplary damages for Linn and Epstein's willful infringement.

33. Pursuant to 17 U.S.C. § 505, Brooks Building is also entitled to the costs of this action, including reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF
### (Trademark Infringement Under the Lanham Act)

34. Brooks Building repeats and realleges each and every preceding paragraph as though fully set forth herein.

35. On information and belief, Linn and Epstein have and continue to sell products and services bearing the trademark, the Futures Academy. *See* Exhibit C.

36. Linn and Epstein's use of the Futures Academy is a infringes the trademark rights of Brooks Building and is a violation of the Lanham Act (15 U.S.C. §§1114).

37. Brooks Building has been, and continues to be, damaged by the infringing actions of Linn and Epstein in an amount to be proven at trial.

38. Linn and Epstein's acts were undertaken in bad faith and in a deliberate attempt to capitalize on the goodwill and reputation of the Futures Academy without any compensation.

39. Brooks Building is entitled to an award of its attorneys' fees and costs pursuant to the provisions of the Lanham Act.

### THIRD CLAIM FOR RELIEF
### (Conversion)

40. Brooks Building repeats and realleges each and every preceding paragraph as though fully set forth herein.

41. Brooks Building alone has title to the intellectual property rights to IraCharts software, IraCharts trademark and The Futures Academy trademark through the Goldsmith Assignment and the Brooks Building Assignment.

42. Linn and Epstein are wrongfully in possession of IraCharts software, the IraCharts trand have willfully and without justification converted the IraCharts software, IraCharts trademark and The Futures Academy trademark for their own use.

43. Because of Linn and Epstein's actions, Brooks Building has been damaged in an amount to be proven at trial.

### PRAYER FOR RELIEF

WHEREFORE, Brooks Building, LLC requests that this Court enter judgment in their favor and against defendants The Linn Group, Inc. and Ira Epstein;

   a)   in an amount to be proven at trial;

   b)   all profits derived by The Linn Group, Inc. and Ira Epstein from their acts complainted of herein, together with prejudgment interest;

   c)   assessment of treble damages, together with prejudgment interest;

   d)   attorneys fees and costs in this action; and

   e)   for such further relief as the Court deems just and proper.

DATE: February 26, 2013　　　　　　　　Brooks Building, LLC

　　　　　　　　　　　　　　　　　　　<u>/s/ *David G. Trout*　　　</u>
　　　　　　　　　　　　　　　　　　　By One of its Attorneys

David G. Trout (ARDC: 6238266)
Paul C. Downing (ARDC: 6299678)
DAVID G. TROUT & ASSOCIATES, LTD.
134 North LaSalle Street, Suite 1840
Chicago, Illinois 60602
312/334-9620 (telephone)
866/884-9344 (facsimile)
dtrout@dtroutlaw.com
pdowning@dtroutlaw.com